IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ZALTON BROOKS, | : |
| | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 5:15-CV-408-MTT-MSH |
| HOUSTON COUNTY DETENTION CENTER, *et al.*, | : |
| | : |
| Defendants. | : |
| _____ | : |

**ORDER AND RECOMMENDATION**

*Pro se* Plaintiff Zalton Brooks, who is currently incarcerated at the Houston County Detention Center in Perry, Georgia, filed a complaint under 42 U.S.C. § 1983. Plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). For the following reasons, the undersigned **GRANTS** Plaintiff's motion to proceed *in forma pauperis* but finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted as to his claims against the Houston County Detention Center and Defendant Johnson. The undersigned therefore **RECOMMENDS** those claims be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's claims against Defendants Carson, Rump, Rogers, and Gary shall proceed for further factual development.

I. **Motion to Proceed *in forma pauperis***

The undersigned has reviewed Plaintiff's motion to proceed *in forma pauperis* and based on his submissions finds that Plaintiff is presently unable to pre-pay any portion of

the filing fee. The Court thus **GRANTS** Plaintiff's motion and waives the initial partial payment required by 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350.00 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

## II.     Preliminary Screening

### A.     Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller*

*v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

    B.    Factual Allegations

Plaintiff's Complaint arises from events that occurred while he was incarcerated at

the McEver Probation Detention Center in Perry, Georgia.  According to the Complaint, on September 28, 2015, Plaintiff found himself "surrounded by gang members" who threatened to cause him harm in the D-Dorm.  Compl. 5, ECF No. 4.  Plaintiff sought help from Defendant Carson, a prison official.  Defendant Carson advised Plaintiff to "handle [the threat] the best way [he] could" and ordered corrections officers Defendants Rump and Rogers to "force" Plaintiff back into the D-Dorm living area, "placing [Plaintiff's] life in a hostile and harmful environment" where "razors, locks, and shanks awaiting [him] by those gang members." *Id.*  The next day, Plaintiff complained again to Defendant Gary, who advised the D-Dorm inmates that another inmate was "complaining about some gang members threatening him." *Id.*  Defendant Gary then apparently placed Plaintiff back into the D-Dorm, where "the gang members again jumped" Plaintiff. *Id.*  After this second attack, Defendant Johnson (the warden of McEver Probation Detention Center) placed Plaintiff in administrative protective custody for safety reasons. *Id.*  Plaintiff seeks "punitive and monetary relief" for Defendants' actions, which he contends endangered his life. *Id.* at 6.

    C.    <u>Plaintiff's Claims</u>

Liberally construed, Plaintiff's Complaint alleges that Defendants Carson, Gary, Rump, and Rogers failed to protect Plaintiff from being "jumped" twice by gang member dorm residents.  An inmate's allegations that a prison official acted with "deliberate indifference" to the inmate's safety by failing to protect the inmate from assault can be cognizable under the Eighth Amendment.  In the context of a failure-to-protect case, "deliberate indifference" means that the prison official "knows of and disregards an

4

excessive risk to inmate health or safety[.]" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.*; *see also Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (noting that a prison official must be aware of "specific facts" from which an inference of substantial risk of serious harm could be drawn).

Regarding Defendant Carson, Plaintiff has alleged that she knew of a specific threat posed to Plaintiff by gang members; declined to assist Plaintiff when he sought to abate the threat; and required Plaintiff to return to the dangerous environment where he was then attacked. Compl. 5. Construed liberally, Plaintiff's allegations also suggest that Defendants Rump and Rogers knew of the threat when they followed Defendant Carson's orders to "force" Plaintiff back into the living area. *Id*. Plaintiff has also alleged that Defendant Gary also knew of the specific threat posed by Plaintiff's attackers, yet placed Plaintiff back into the hostile environment where he was again attacked. *Id.* At this very early stage of the litigation, the undersigned concludes these allegations must proceed for further factual development.

Plaintiff has not, however, make similar allegations regarding Defendant Johnson. Instead, Plaintiff appears to seek to hold Defendant Johnson liable as the supervisor of the remaining Defendants. Supervisors, such as Defendant Johnson, can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged

5

constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if the plaintiff shows

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

Plaintiff appears to complain that Defendant Johnson did not take appropriate actions after the assaults because Defendant Johnson did not criticize the actions taken by Defendant Gary. Compl. 5. This is an insufficient basis for holding Defendant Johnson liable under § 1983. Plaintiff's Complaint does not allege that Defendant Johnson personally participated in any decision that violated Plaintiff's constitutional rights, had any customs or policies that implicated Plaintiff's constitutional rights, directed any of his subordinates to act unlawfully, or knew they were doing so and failed to stop them. *See Hendrix*, 535 F. App'x at 805. Indeed, Plaintiff fails to allege that Defendant Johnson had any prior knowledge of the threat posed to Plaintiff by the gang members that attacked him. Perhaps more importantly, Plaintiff acknowledges that Defendant Johnson promptly placed Plaintiff in protective custody when Plaintiff was attacked the second time. Compl. 5. The undersigned therefore **RECOMMENDS** that the claims against Defendant Johnson be **DISMISSED without prejudice.**

The undersigned also recommends dismissal to the extent Plaintiff seeks to name the Houston County Detention Center as a Defendant. Plaintiff does not explain in his Complaint why the Houston County Detention Center, where Plaintiff is now housed, should be liable for any constitutional violations alleged in his Complaint. Dismissal is warranted on that ground alone. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation). In addition, jails or prisons are not typically entities which may be sued under § 1983. *See, e.g., Allen v. Brown*, No. CV 112-052, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) (holding that a jail or prison is not a legal entity subject to liability in a § 1983 claim). It is accordingly **RECOMMENDED** that Defendant Houston County Detention Center be **DISMISSED** from this action.

### III. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) but finds that Plaintiff's claims against Defendants Johnson and the Houston County Detention Center fail to state a claim upon which relief may be granted. The undersigned therefore **RECOMMENDS** those claims be **DISMISSED without prejudice**. Plaintiff's failure-to-protect claims against the remaining Defendants shall proceed for further factual development.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United

States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against the Defendants identified above, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil

Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties

9

are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests**

**for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing

fee.  As noted above, the Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED, this 14th day of March, 2016.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE