IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ZALTON BROOKS, | : |
|        Plaintiff, | : |
| VS. | : |
| | :   NO. 5:15-CV-408-MTT-MSH |
| HOUSTON COUNTY DETENTION CENTER, *et al.*, | : |
|        Defendants. | : |

**ORDER AND AMENDED RECOMMENDATION**

On March 14, 2016, the undersigned docketed an Order and Recommendation (ECF No. 14) granting Plaintiff's motion to proceed *in forma pauperis* and permitting Plaintiff's claims against Defendants Carson, Rump, Rogers, and Gary to proceed for further factual development. The undersigned also found that Plaintiff's Complaint failed to state a claim upon which relief may be granted as to his claims against the Houston County Detention Center and the Warden of McEver Probation Detention Center and recommended that those claims be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Warden of McEver Probation Detention Center, however, was misidentified as "Defendant Johnson" in the March 14, 2016 Order and Recommendation. The correct name for the Warden is Defendant Clinton Perry. Accordingly, the undersigned **AMENDS** the March 14, 2016 Order and Recommendation (ECF No. 14) to reflect that all references to Defendant Johnson are intended to be references to Defendant Perry, and the claims against Defendant Perry are

**RECOMMENDED** to be **DISMISSED without prejudice** for the reasons stated in the March 14, 2016 Order and Recommendation. All other portions of the March 14, 2016 Order and Recommendation remain unchanged.

In addition, Plaintiff filed a motion to appoint counsel (ECF No. 13). Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

In this case, Plaintiff filed a § 1983 complaint on a standard form and successfully demonstrated that some of his claims should proceed past initial review. Plaintiff has therefore proven himself familiar with the substantive and procedural aspects of his case and failed to identify any exceptional circumstances that would warrant the appointment of counsel. The facts stated in the Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex. Plaintiff's Motion for Appointment of Counsel (ECF No. 13) is accordingly **DENIED**. However, if it becomes apparent at some point later in these proceedings that counsel should be appointed in this case, after due consideration of the complexity of the issues raised or their novelty, the Court will entertain a renewed motion.

SO ORDERED and RECOMMENDED, this 23rd day of March, 2016.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE