IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ZALTON BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:15-CV-408 (MTT) |
| ) | |
| HOUSTON COUNTY DETENTION ) | |
| CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

After screening Plaintiff Zalton Brooks's complaint pursuant to 28 U.S.C. § 1915A, Magistrate Judge Stephen Hyles recommends allowing the Plaintiff's claims against Defendants Carson, Rump, Rogers, and Gary to proceed and dismissing the claims against Defendants Houston County Detention Center and Defendant Perry.[1] (Docs. 14, 18). The Plaintiff has objected to the Recommendation.[2] (Doc. 20).

---

[1] The Recommendation mistakenly refers to Defendant Perry, the Warden of McEver Probation Detention Center, as "Defendant Johnson." The Magistrate Judge issued an amended recommendation correcting this error. (Doc. 18). The Court will refer to him as Defendant Perry in this order.

[2] The objection is styled "Motion to Amend Complaint with Objection to Order and Recommendation." (Docs. 19, 20). The Court has considered the allegations in both the "Amended Complaint" section and the "Objection to Order" section of this document. *See Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) ("Although the form of those additional allegations were objections to the recommendation of dismissal, the collective substance of them was an attempt to amend the complaint. Because courts must construe pro se pleadings liberally, the district court should … consider[ the plaintiff's] additional allegations in the objection as a motion to amend his complaint and grant[] it."). Accordingly, the motion to amend is **GRANTED in part and DENIED in part**. (Doc. 19).
　　In his objection, the Plaintiff alleges for the first time that he was assaulted by Deputy Canady at Houston County Detention Center "by violent throwing a projectile to the rear of his head" when he was transferred back there from McEver Probation Detention Center. (Doc. 20 at 2). However, a § 1983 plaintiff may set forth only related claims in one civil rights complaint. He may not join unrelated claims and defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and … any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). "[A] claim arises out of the same transaction or occurrence if there is a logical

Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which he objects.

The Magistrate Judge recommends dismissing the claims against Houston County Detention Center because the incidents complained of occurred at McEver Probation Detention Center, not Houston County Detention Center. (Doc. 14 at 7). In his objection, the Plaintiff explains that Houston County Detention Center "forced him to the McEver P.D.C." (Doc. 20 at 2). To the extent that the Plaintiff wishes to assert claims about the transfer from Houston County Detention Center to McEver Probation Detention Center, "an inmate has no liberty interest in a particular classification, prison assignment, or transfer." *Solliday v. Federal Officers*, 413 F. App'x 206, 210 (11th Cir. 2011). Therefore, he has not alleged any constitutional violation and any claim about the transfer is due to be dismissed. *See Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008).

Furthermore, as the Magistrate Judge noted, jails and prisons are not subject to liability in a § 1983 claim. (Doc. 14 at 7); *see Brannon v. Thomas Cty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) ("[T]he … Jail is not an entity capable of being sued under Georgia law."); *Bolden v. Gwinnett Cty. Det. Ctr. Med. Doctors & Staff*, 2009 WL

---

relationship between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).
    Here, the Plaintiff's allegations fail to demonstrate a "logical relationship" between his claims arising out of the conduct of any McEver Probation Detention Center officials and claims arising out of the conduct of Houston County Detention Center officials. While the Plaintiff was allegedly assaulted at both prisons, there are no questions of law or fact common to the McEver Probation Detention Center failure-to-protect claims and Houston County Detention Center excessive force claim. Because the claims do not arise out of the same transaction or occurrence, the Court **DENIES** the motion to amend to the extent the Plaintiff moves to join Canady as a defendant. The alleged assault by Canady occurred March 12, 2016. (Doc. 20-1 at 1). Should the Plaintiff file a separate civil action about this incident, the claim will not be barred by the statute of limitations.

2496655 (N.D. Ga.) ("Jails … are not legal entities subject to suit under § 1983 at all."). The claims against the Houston County Detention Center are subject to dismissal on this ground alone.  While a prisoner ordinarily must be given an opportunity to amend his complaint, if amendment would be futile, the district court may deny leave to amend. *Dollar v. Coweta Cty. Sheriff Office*, 446 F. App'x 248, 250-51 (11th Cir. 2011). Because the Houston County Detention Center is not an entity subject to suit, any amendment of the Plaintiff's allegations against it would be futile.  *Cf. Sadiq v. Weller*, 610 F. App'x 964 (11th Cir. 2015) (finding that a § 1983 complaint was properly dismissed with prejudice because amendment would be futile when the plaintiff did not allege the violation of a constitutional right).  The claims against the Houston County Detention Center are **DISMISSED with prejudice**.

The Magistrate Judge recommends dismissing the claims against Defendant Perry because the complaint does not allege sufficient facts for supervisory liability. (Doc. 14 at 6).  In his objection, the Plaintiff asserts that he has written documentation that Perry knew about the threats to his safety before the assault took place.  (Doc. 20 at 3).  Thus, it appears that the Plaintiff is asserting a failure-to-protect claim against Perry instead of a claim against Perry in his supervisory capacity.  Very liberally construed, the Plaintiff has asserted that Perry was "aware of facts from which the inference could be drawn that a substantial risk of harm exists" and did not act to prevent it, allowing the Plaintiff to be placed back into the hostile environment.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, the failure-to-protect claim against Perry may proceed.

The Court has reviewed the Recommendation and accepts the findings, conclusions, and recommendations of the Magistrate Judge except as modified in this order.  The Recommendation is **ADOPTED as modified** and made the order of this Court.  The motion to amend is **DENIED** to the extent the Plaintiff moves to join Canady.  The claims against Houston County Detention Center are **DISMISSED with prejudice**.  The failure-to-protect claim against Perry may proceed.  It is **ORDERED** that service be made on Warden Clinton Perry and that he file an answer or such other response as may be appropriate under Fed. R. Civ. P. 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  The Defendants are also reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service.  The Plaintiff is reminded of his duty to keep the Clerk of Court and all opposing attorneys advised of his current address, duty to prosecute this action, and the provisions regarding discovery in the Magistrate Judge's order.

**SO ORDERED** this 6th day of July, 2016.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT