### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **ZALTON BROOKS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | |
| | : | **CASE NO. 5:15-CV-408-MTT-MSH** |
| **HOUSTON COUNTY DETENTION** | : | |
| **CENTER,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

_____

## REPORT & RECOMMENDATION

Presently pending before the Court is Defendants Carson, Gary, Rogers, and Rumph's motion to dismiss (ECF No. 30).  For the reasons explained below, it is recommended that the motion be granted.

## BACKGROUND

Plaintiff's Complaint arises from events that occurred while he was incarcerated at the McEver Probation Detention Center in Perry, Georgia.  According to the Complaint, on September 28, 2015, Plaintiff found himself "surrounded by gang members" who threatened to cause him harm in the D-Dorm.  Compl. 5, ECF No. 4.  Plaintiff sought help from Defendant Carson, a prison official.  Defendant Carson advised Plaintiff to "handle [the threat] the best way [he] could" and ordered corrections officers Defendants Rump and Rogers to "force" Plaintiff back into the D-Dorm living area, "placing [Plaintiff's] life in a hostile and harmful environment" where "razors, locks, and shanks awaiting [him] by those gang members."  *Id.*  The next day, Plaintiff complained again to

Defendant Gary, who advised the D-Dorm inmates that another inmate was "complaining about some gang members threatening him." *Id.*  Defendant Gary then apparently placed Plaintiff back into the D-Dorm, where "the gang members again jumped" Plaintiff.  *Id.*  After this second attack, Defendant Perry (the warden of McEver Probation Detention Center) placed Plaintiff in administrative protective custody for safety reasons.  *Id.*  Plaintiff seeks "punitive and monetary relief" for Defendants' actions, which he contends endangered his life.  *Id.* at 6.

After a preliminary review, Plaintiff's claims for failure to protect against Defendants Gary, Carson, Rump, Rogers, and Perry were allowed to proceed.  Order 1-4, July 6, 2016, ECF No. 34.  Defendants Gary, Carson, Rump, and Rogers filed a motion to dismiss on May 16, 2016 (ECF No. 30) claiming, *inter alia*, that Plaintiff failed to exhaust his administrative remedies.  Defendant Perry was not served until September 16, 2016 (ECF No. 38) and has not joined the motion to dismiss.  Plaintiff did not respond to the motion.  That motion is ripe for review.

## DISCUSSION

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."  *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir.

2005) (internal quotation marks and citation omitted).  The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").  Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings.  *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process."  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true."  *Id.*  If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed.  *Id.*  "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  *Id.*  The defendant bears the burden of proof during this second step.  *Id.*

Defendants move to dismiss for lack of exhaustion claiming that the Georgia Department of Corrections (GDOC) has a grievance procedure which applies to detainees at probation detention centers, but that Plaintiff failed to utilize this procedure regarding the claims against them.  Defs.' Br. in Supp. of Mot. to Dismiss 2-8, ECF No. 30-1. Plaintiff failed to respond to the motion to dismiss and does not contest the factual allegations contained therein.  Since the parties' versions of the facts do not conflict, the

Court analyzes this case at the first step of the exhaustion analysis.  *Turner*, 541 F.3d at 1082.

Defendants provided the GDOC's Standard Operating Procedures (SOPs) regarding grievances which apply to McEver Probation Detention Center.  Baymon Aff. ¶ 4 & Ex. A-1, ECF No. 30-2.  The SOPs mandate that a detainee follow a three-step process in order to exhaust his remedies: (1) file a grievance with the grievance coordinator; (2) file a grievance with the superintendent; and (3) file a grievance with the director of facilities operations.  *Id.* ¶ 7 & Ex. A-1 at 2-4.  After a detainee files a grievance with the grievance coordinator, he or she has ten days within which to provide a response.  Baymon Aff. ¶ 9 & Ex. A-1 at 2-3.  If the detainee does not agree with the grievance coordinator's response, he must provide a written explanation of the disagreement within two working days.  *Id.* ¶ 10.  The grievance coordinator then forwards the appeal to the superintendent who also has ten days within which to provide a response.  *Id.* ¶ 10 & Ex. A-1 at 3.  If the superintendent's response does not resolve the grievance, the detainee may again appeal within two working days to the director of facilities operations.  *Id.* ¶ 11.  The director of facilities operations has twenty days within which to provide a response.  *Id.* ¶ 11 & Ex. A-1 at 3-4.  Except for a limited number of non-grievable issues, an inmate may file a grievance about "[a]ny condition, policy or action directed toward or affecting a detainee or detainees."  *Id.* Ex. A-1 at 1.  Grievances must be filed within ten days of the events giving rise to the complaint.  *Id.* ¶ 9 & Ex. A-1 at 2.

Plaintiff filed one grievance within ten days after the events which occurred on September 28, 2015.  On October 5, 2015, Plaintiff filed grievance 205674 in which he complains that "Lt. Dale Gale did place my life in a harmful and hostile environment[.]" Baymon Ex. A-3 at 6.  Plaintiff states that on September 24, 2015, he complained to Defendant Gale that there was gang activity in the D-dorm.  *Id.*  Defendant Gale then went to the D-dorm and informed Plaintiff's fellow detainees about Plaintiff's complaint which resulted in "threatening name calling" and Plaintiff having to "get volliate [sic] in nature to keep from being harmed."  *Id.*  The response from this grievance was due on October 16, 2015, but it was administratively closed because Plaintiff left the facility on October 20, 2015.  Baymon ¶ 16.  For purposes of this Recommendation, the Court finds that the administrative closure of the grievance constitutes exhaustion of Plaintiff's grievance.

This, however, does not end the inquiry.  Defendants contend that the grievance does not address Plaintiff's claims for failure to protect.  Specifically, that Plaintiff's grievance fails to reference any Defendant other than Defendant Gale and that it fails to state that Plaintiff was attacked.  Defs.' Br. in Supp. 6-7.  While "exhaustion does not necessarily require an inmate to file a new grievance for each harmful incident in a string of related occurrences," it does require that the grievance "provide[] the institution with notice of a problem such that they have an opportunity to address the problem internally." *Toennings v. Ga. Dep't of Corr.*, 600 F. App'x 645, 649 (11th Cir. 2015).  Plaintiff's grievance stating that Defendant Gale put Plaintiff in a "harmful and hostile environment" does not provide McEver Probation Detention Facility with notice that

5

Plaintiff was physically assaulted.  It also fails to provide any notice regarding the alleged behavior of any Defendant other than Defendant Gale.  Plaintiff has consequently failed to exhaust his failure to protect claims.  It is recommended that Defendants' motion to dismiss be granted for failure to exhaust.

## CONCLUSION

For the reasons explained above, it is recommended that Defendants Carson, Gary, Rogers, and Rumph's motion to dismiss (ECF No. 30) be granted.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 28th day of October, 2016.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE