IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ZALTON BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-408 (MTT) |
| | ) |
| Warden CLINTON PERRY, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Defendants Carson, Gary, Rogers, and Rumph filed a motion to dismiss asserting that Brooks failed to exhaust his administrative remedies and Brooks cannot bring a 42 U.S.C. § 1983 claim against them in their official capacities. Doc. 30. This motion was adopted by Defendant Perry. Doc. 41. United States Magistrate Judge Stephen Hyles recommends granting the motions. Docs. 40; 45. Brooks has not objected.

According to the Recommendation,

> Plaintiff's Complaint arises from events that occurred while he was incarcerated at the McEver Probation Detention Center in Perry, Georgia. According to the Complaint, on September 28, 2015, Plaintiff found himself "surrounded by gang members" who threatened to cause him harm in the D-Dorm. Compl. 5, ECF No. 4. Plaintiff sought help from Defendant Carson, a prison official. Defendant Carson advised Plaintiff to "handle [the threat] the best way [he] could" and ordered corrections officers Defendants Rump and Rogers to "force" Plaintiff back into the D-Dorm living area, "placing [Plaintiff's] life in a hostile and harmful environment" where "razors, locks, and shanks awaiting [him] by those gang members." *Id*. The next day, Plaintiff complained again to Defendant Gary, who advised the D-Dorm inmates that another inmate was "complaining about some gang members threatening him." *Id*. Defendant Gary then apparently placed Plaintiff back into the D-Dorm, where "the gang members again jumped" Plaintiff. *Id*. After this second attack, Defendant Perry (the warden of McEver Probation Detention Center) placed Plaintiff in administrative protective custody for safety reasons. *Id*. Plaintiff seeks

>   "punitive and monetary relief" for Defendants' actions, which he contends endangered his life. *Id.* at 6.
>
>   . . . .
>
>   Plaintiff filed one grievance within ten days after the events which occurred on September 28, 2015. On October 5, 2015, Plaintiff filed grievance 205674 in which he complains that "Lt. Dale [Gary] did place my life in a harmful and hostile environment[.]" Baymon Ex. A-3 at 6. Plaintiff states that on September 24, 2015, he complained to Defendant [Gary] that there was gang activity in the D-dorm. *Id.* Defendant [Gary] then went to the D-dorm and informed Plaintiff's fellow detainees about Plaintiff's complaint which resulted in "threatening name calling" and Plaintiff having to "get volliate [sic] in nature to keep from being harmed." *Id.* The response from this grievance was due on October 16, 2015, but it was administratively closed because Plaintiff left the facility on October 20, 2015. Baymon ¶ 16. For purposes of this Recommendation, the Court finds that the administrative closure of the grievance constitutes exhaustion of Plaintiff's grievance.
>
>   This, however, does not end the inquiry. Defendants contend that the grievance does not address Plaintiff's claims for failure to protect. Specifically, that Plaintiff's grievance fails to reference any Defendant other than Defendant [Gary] and that it fails to state that Plaintiff was attacked. Defs.' Br. in Supp. 6-7. While "exhaustion does not necessarily require an inmate to file a new grievance for each harmful incident in a string of related occurrences," it does require that the grievance "provide[] the institution with notice of a problem such that they have an opportunity to address the problem internally." *Toennings v. Ga. Dep't of Corr.*, 600 F. App'x 645, 649 (11th Cir. 2015). Plaintiff's grievance stating that Defendant [Gary] put Plaintiff in a "harmful and hostile environment" does not provide McEver Probation Detention Facility with notice that Plaintiff was physically assaulted. It also fails to provide any notice regarding the alleged behavior of any Defendant other than Defendant [Gary]. Plaintiff has consequently failed to exhaust his failure to protect claims. It is recommended that Defendants' motion to dismiss be granted for failure to exhaust.

Doc. 40 at 1-2, 5-6.[1]  The Magistrate Judge adopted this analysis as to Defendant

Perry.  Doc. 45 at 2.

---

[1] As the Magistrate Judge noted in its order dismissing the claims against Defendant Perry, "[t]here is a scrivener's error in [the Recommendation] identifying Defendant Dale Gary as Defendant 'Dale Gale.'" Doc. 40 at 1, n.1.

The Court agrees that Brooks has failed to exhaust his administrative remedies as to Defendants Carson, Rogers, and Rumph.  Brooks has not offered any reason why he failed to name these individuals in his grievance, and accordingly it appears that he has failed to provide "as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as [he] reasonably [could] provide."  *See Brown v. Sikes*, 212 F.3d 1205, 1210 (11th Cir. 2000).  Brooks's failure-to-protect claim against Defendant Perry similarly should be dismissed because, though the grievance names Defendant Perry—"Warden Perry removed me to involuntary P.C. punishment or protections"—the grievance, read as a whole, only asserts a complaint against Defendant Gary.  *See* Doc. 30-5 at 6-7.  The grievance did not put McEver Probation Detention Facility on sufficient notice that Brooks was pursuing a failure-to-protect claim against Defendant Perry.  In sum, Brooks could have included his failure-to-protect claims against Defendants Carson, Rogers, Rumph, and Perry in his grievance but chose not to; accordingly, he has failed to exhaust his administrative remedies as to his claims against these defendants.

However, the Court disagrees with the Magistrate Judge's conclusions as to Defendant Gary.  Unlike the Magistrate Judge, the Court finds that Brooks's grievance did "provide McEver Probation Detention Facility with notice that Plaintiff was physically assaulted."  The grievance states that in response to Brooks's complaints about gang activity in the D-dorm, Gary returned Brooks to the D-Dorm and informed D-Dorm of Brooks's complaint, resulting in Brooks "having to get volliate [sic] in nature to keep from being harmed" and being "removed . . . to involuntary P.C. punishment or protections."  *See* Doc. 30-5 at 6-7.  This would have put McEver Probation Detention Facility on notice that Defendant Gary's actions resulted in Brooks being physically assaulted.  Brooks was put in "P.C." because there had been a physical altercation.  Brooks had to get violent to keep from being harmed because he was physically assaulted.

-4-

Accordingly, Brooks exhausted his administrative remedies as to his failure-to-protect claim against Defendant Gary.

For these reasons, the Recommendations are **ADOPTED in part** and **REJECTED in part**.  The motion to dismiss filed by Defendants Carson, Gary, Rogers, and Rumph (Doc. 30) is **GRANTED in part** and **DENIED in part**.  Brooks's claims against Defendants Carson, Rogers, and Rumph are **DISMISSED** without prejudice.  Brooks's claims against Defendant Gary in his individual capacity are allowed to proceed.[2]  Further, Defendant Perry's motion to dismiss (Doc. 41) is **GRANTED**, and Brooks's claims against him are **DISMISSED** without prejudice.

**SO ORDERED**, this 19th day of January, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] For the reasons given in Defendant Gary's motion, the Court **GRANTS** Gary's motion seeking dismissal of any claims against him in his official capacity and hereby **DISMISSES** such claims.